UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOURBON HEAT, LLC                         CIVIL ACTION


VERSUS                                    NO: 13-2623


LIBERTY SURPLUS INSURANCE                 SECTION: R(1)
CORP.


### ORDER AND REASONS

Before the Court are Liberty Surplus Insurance Corp.'s
("Liberty") motion for judgment on the pleadings, or, in the
alternative, summary judgment;[1] and motion to continue the
hearing on that motion.[2] Because the Court may decide Liberty's
motion for judgment on the pleadings on the pleadings alone,
Liberty's motion to continue is DENIED. For the following
reasons, Liberty has a duty to defend Bourbon Heat, LLC ("Bourbon
Heat"), the question of whether Liberty owes a duty to indemnify
is premature, and the question of whether Liberty acted in bad
faith cannot be resolved on the present record.

_____

[1] R. Doc. 8.

[2] R. Doc. 25.

## I.    Background

Bourbon Heat operates a nightclub in New Orleans.[3] M. Chadwick Pellerin, who resides less than 200 feet from Bourbon Heat's nightclub, intervened in state court proceedings between Bourbon Heat and the City of New Orleans.[4] Pellerin alleges that the noises emanating from Bourbon Heat's nightclub are too loud and seeks damages.[5] She alleges that "[t]he noises are sufficient to cause physical discomfort and annoyance to Ms Pellerin, and any person of ordinary sensibilities, and constitute a nuisance."[6] She alleges that she has suffered diminished property value, inconvenience, mental distress, pain and suffering, and the loss of use of her property.[7] She alleges that Bourbon Heat "knew or should have known that the noises emanating from its business establishment constituted the nuisance complained herein."[8] Her intervention asserts claims under Louisiana law.[9]

---

[3] R. Doc. 1-1 at 1.

[4] R. Doc. 1-4.

[5] *Id.* at 3-5.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 6.

2

Bourbon Heat asked Liberty, its general liability insurer, to defend and indemnify it against Pellerin's petition.[10] Liberty refused to do so.[11] Bourbon Heat filed this action against Liberty in state court, alleging breach of contract and breach of the contractual duty of good faith and fair dealing.[12] Liberty removed the suit to this Court on grounds of diversity jurisdiction.[13] It then filed its motion for judgment on the pleadings, or, alternatively, summary judgment. Eight weeks later, it moved to continue that motion, asserting that the motion for judgment on the pleadings or, alternatively, summary judgment "is not ripe for decision at this time."[14]

## II.  Judgment on the Pleadings

Liberty has moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). As it does when deciding a motion to dismiss under Rule 12(b)(6), the Court must

---

[10] R. Doc. 1-1 at 2.

[11] *Id.*

[12] *Id.* at 3-4.

[13] R. Doc. 1.

[14] R. Doc. 25.

consider the facts in the light most favorable to the non-moving party and will accept as true the plausible factual allegations in the non-moving party's pleadings. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see generally* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil* § 1368 (3d ed.). In deciding this motion, the Court must look only to the pleadings, *Brittan Commc'ns*, 313 F.3d at 904, but the pleadings include exhibits attached to the pleadings, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313-14 (5th Cir. 2002); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998).

Bourbon Heat's state court pleadings attach the insurance policy and the underlying petition for damages.[15] These are the only documents relevant to Liberty's duty to defend. *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009) ("Under Louisiana's 'Eight Corners Rule,' we must assess whether there is a duty to defend by applying the allegations of the complaint to the underlying policy without resort to extrinsic evidence."). Accordingly, the question of whether Liberty owes a duty to defend is ripe for decision and can be decided on the pleadings alone. For this reason, the Court denies Liberty's motion to continue. Although Liberty contends that resolution of its motion for judgment on the pleadings or, alternatively,

---

[15] R. Doc. 1-1 at 1, 2.

4

summary judgment requires additional discovery, no discovery is necessary to determine Liberty's duty to defend.

### III. Liberty Has a Duty to Defend Bourbon Heat.

An insurer's duty to defend suits against its insured is broader than its obligation to indemnify for damage claims. *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir. 2001); *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 51-52 (La. 2005); *Yount v. Maisano*, 627 So. 2d 148, 153 (La. 1993). Under Louisiana law, an insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint. *See Martco*, 588 F.3d at 872; *Louisiana Stadium & Exposition Dist. v. BFS Diversified Prods., LLC*, 49 So. 3d 49, 51 (La. Ct. App. 2010) ("The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy without consideration of extraneous evidence.") (quoting *Bryant v. Motwani*, 683 So. 2d 880, 884 (La. Ct. App. 1996)) (quotation marks removed). The insurer has a duty to defend unless the allegations "unambiguously preclude coverage." *Martco*, 588 F.3d at 872 (citing *Elliot v. Cont'l Cas. Co.*, 949 So. 2d 1247, 1250 (La. 2007)). The duty to defend "arises whenever the pleadings against the insured disclose a possibility of liability under the policy." *Id.* at 872-73 (citing *Meloy v. Conoco, Inc.*, 504 So. 2d 833, 839 (La. 1987)). *See also*

*Holzenthal v. Sewerage & Water Bd. of New Orleans*, 950 So. 2d 55, 84 (La. Ct. App. 2007)("An insurer must provide a defense to an insured if, assuming all of the allegations to be true, there would be both coverage under the policy and liability to the plaintiff.") (citing *Am. Home Assur. Co. v. Czarniecki*, 230 So. 2d 253, 259 (La. 1969)). "The allegations . . . must be liberally interpreted in determining whether the claim falls within the scope of the insurer's duty to defend." *Hardy*, 236 F.3d at 290 (citing *Yount*, 627 So. 2d at 153).

Here, Pellerin's petition discloses a possibility of liability under the policy. The policy provides that it covers "bodily injury" and "property damage" if, among other things, the "bodily injury" or "property damage" is caused by an "occurrence."[16] Liberty argues that Pellerin's petition does not allege "property damage" or an "occurrence" under the terms of the policy. Accordingly, it contends that it has no duty to defend Bourbon Heat.

A.  *Pellerin's petition alleges property damage not excluded from coverage.*

The insurance policy defines property damage, in pertinent part, as follows:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss

---

[16] R. Doc. 8-6 at 8.

6

of use shall be deemed to occur at the time of the
physical injury that caused it; or

b. Loss of use of tangible property that is not
physically injured. All such loss of use shall be
deemed to occur at the time of the "occurrence" that
caused it.[17]

Pellerin alleges that she has suffered "diminishment of her
property value . . . and the loss of use of her property, as well
as inability to sleep, entertain, and take solace in the privacy
of her residence."[18] By alleging that she has lost the use of her
property, Pellerin has alleged "loss of use of tangible property
that is not physically injured." Accordingly, she alleges
property damage under the terms of the policy.

Liberty argues that the alleged property damage is not
covered because the policy excludes property damage "expected or
intended from the standpoint of the insured."[19] Liberty's
position is that Bourbon Heat expected or intended the alleged
harm to Pellerin by purposefully operating a noisy establishment.

Under Louisiana law, "[a]n injury is intentional . . . only
when the person who acts either consciously desires the physical
result of his act, whatever the likelihood of that result
happening from his conduct; or knows that that result is
substantially certain to follow from his conduct, whatever his

---

[17] *Id.* at 21.

[18] R. Doc. 1-4 at 4.

[19] R. Doc. 8-6 at 8.

desire may be as to the result." *Pique v. Saia*, 450 So. 2d 654, 655 (La. 1984). "The subjective intent of the insured, as well as his reasonable expectations as to the scope of his insurance coverage, will determine whether an act is intentional." *Great Am. Ins. Co. v. Gaspard*, 608 So. 2d 981, 985 (La. 1992).

Under this formulation, it is possible that Bourbon Heat neither expected nor intended the alleged harm to Pellerin. First, it appears unlikely that Bourbon Heat consciously desired that Pellerin should suffer harm. The allegations in the petition indicate that the offending noise was the result of Bourbon Heat operating its business heedless of its neighbors, not the result of any specific animus.

Second, it is possible that Bourbon Heat did not know that property damage was substantially certain to follow from its conduct. Pellerin's allegation that she and other neighbors "made repeated requests" to Bourbon Heat to abate the noise suggests that Bourbon Heat was made aware of the consequences of its conduct only after such conduct was underway, and only after Pellerin had already suffered some portion of her alleged injuries.[20] Similarly, Pellerin's assertion that Bourbon Heat "knew or should have known that the noises emanating from its business establishment constituted the nuisance complained herein" leaves open the possibility that Bourbon Heat in fact did

---

[20] R. Doc. 1-4 at 4.

8

not know that its conduct constituted a nuisance. Thus, it is possible on the facts alleged that Bourbon Heat did not desire to harm Pellerin and did not believe that Pellerin's injuries were substantially certain to result from its conduct.

Further, Bourbon Heat could reasonably have expected Liberty to cover the damages alleged in the underlying case. The allegations in Pellerin's petition do not suggest that Bourbon Heat intended any injury. It is reasonable for Bourbon Heat to expect coverage for unintentional damage caused to third parties. Accordingly, the "expected or intended injury" exclusion does not aid Liberty.

B.   *Pellerin's petition alleges an occurrence.*

Liberty argues that Pellerin has not alleged an "occurrence" as required by the insurance policy. An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[21] Although the policy does not define "accident," the Fifth Circuit has stated that "when the word 'occurrence' is defined as an 'accident', the occurrence of an unforeseen and unexpected loss constitutes an 'accident' and therefore an 'occurrence.'" *Freeport-McMoRan Energy, LLC v. Mullen*, 233 F. App'x 341, 345 (5th Cir. 2007) (quoting *N. Am. Treatment Sys., Inc. v.*

---

[21] R. Doc. 8-6 at 20.

*Scottsdale Ins. Co.*, 943 So. 2d 429, 444 (La. Ct. App. 2006)) (quotation marks removed); *see also Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 678 (5th Cir. 2000).

Under Louisiana law, courts interpret whether an event is an "accident" from the viewpoint of the victim; losses that the victim could not expect are the result of an accident. *See, e.g.*, *Freeport-McMoRan Energy*, 233 F. App'x at 345; *Jernigan v. Allstate Ins. Co.*, 269 F.2d 353, 356-57 (5th Cir. 1959); *Tsolainos v. Tsolainos*, 59 F. Supp. 2d 592, 596 (E.D. La. 1999); *N. Am. Treatment Sys., Inc.*, 943 So. 2d at 444; *Gaylord Chem. Corp. v. ProPump, Inc.*, 753 So. 2d 349, 354 (La. Ct. App. 2000) ("Accident is defined from the viewpoint of the victim."); *see also* 15 William Shelby McKenzie and H. Alston Johnson III, *Louisiana Civil Law Treatise: Insurance Law and Practice* § 6:7 (4th ed.).

The question, then, is whether Pellerin expected her alleged damages. There is no indication that she did. The damages claimed are not due to the usual operation of a nightclub. Instead, they allegedly arise from Bourbon Heat's generating noise at levels in violation of local ordinances and state law.[22] It is entirely plausible that Pellerin did not expect Bourbon Heat to produce noise at unlawful volumes and to cause her damage. Thus, the complaint alleges facts that would fall within coverage, and

[22] R. Doc. 1-1 at 2.

Liberty has a duty to defend Bourbon Heat against Pellerin's petition.

## IV. Judgment on Liberty's Duty to Indemnify and Bad Faith Claims Is Premature.

*A. Duty to Indemnify*

Bourbon Heat alleges that Liberty is obligated to indemnify, as well as to defend, it in the underlying action.[23] In determining an insurer's duty to indemnify, the Court is not limited to the allegations in the complaint, but rather "must apply the Policy to the actual evidence adduced at the underlying liability trial together with any evidence introduced in the coverage case." *Martco*, 588 F.3d at 877. Although the interpretation of an insurance contract presents a question of law rather than of fact, the Court must apply the policy to the evidence presented to determine whether there is coverage under the insuring clause and whether a policy exclusion applies. *See id.* at 878-84 (applying Louisiana law to determine whether "[a] review of the evidence adduced at trial, the resulting verdict and judgment, and the applicable Louisiana law reveals that [the insured] clearly carried its burden of establishing coverage under the insuring clause"); *Meloy*, 504 So. 2d at 839 (liability "can only be determined after trial on the merits"). Accordingly, while a duty to defend is justiciable before the underlying issue

---

[23] *Id.*

11

of liability is resolved, the duty of indemnity generally is not. *See Coregis Ins. Co. v. School Bd. Of Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2-3 (5th Cir. June 6, 2008) (per curiam). Because liability in the underlying case has not yet been determined, the Court cannot determine, as a matter of law, whether Liberty is obligated to indemnify Bourbon Heat.

## B. Bad Faith Claims

Liberty also seeks judgment on the pleadings or, alternatively, summary judgment on Bourbon Heat's bad faith claims, asserting that since there is no duty to defend, there is no bad faith.[24] Bourbon Heat alleges that Liberty "arbitrarily and capriciously declined to provide coverage or legal defense" and is subject to statutory penalties for bad faith under Louisiana Revised Statutes §§ 22:1973 and 22:1892.[25] For two reasons, Liberty is not entitled to summary judgment on these claims.

First, as discussed *supra* at III, Liberty has a duty to defend Bourbon Heat. Thus, it is possible that Liberty acted in bad faith when it refused Bourbon Heat's request for defense and indemnification. Second, whether Liberty acted in bad faith "is essentially a fact issue." *Jouve v. State Farm Fire and Cas. Co.*,

---

[24] R. Doc. 8-1 at 10.

[25] R. Doc. 1-1 at 3.

74 So. 3d 220, 226 (La. Ct. App. 2011); *see Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003) ("The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay."). Because the bad faith claims involve issues of fact, rather than questions of law, Liberty is not entitled to summary judgment at this time. *See* Fed. R. Civ. P. 56(a).

## V.   Conclusion

For the above stated reasons, Liberty has a duty to defend Bourbon Heat, the question of whether Liberty owes a duty to indemnify Bourbon Heat is premature, and the question of whether Liberty acted in bad faith cannot be resolved on the present record.

New Orleans, Louisiana, this  15th  day of October, 2013.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE