## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**BOURBON HEAT, LLC**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 13-2623-SSV-SS**

**LIBERTY SURPLUS INSURANCE CORP.**

### ORDER

PLAINTIFF'S MOTION TO COMPEL (Rec. doc. 62)

**GRANTED IN PART AND DENIED IN PART**

The plaintiff, Bourbon Heat, LLC ("Bourbon Heart"), operates a nightclub in New Orleans.  M. Chadwick Pellerin intervened in state court proceedings between Bourbon Heat and the City of New Orleans.  She alleged that noise from the nightclub was too loud and sought damages for physical discomfort and diminished value of her property.  Bourbon Heat asked Liberty Surplus Insurance Corporation ("Liberty"), its general liability insurer, to defend and indemnify it against Pellerin's petition.  It refused to do so.  Bourbon Heat filed suit against Liberty in state court for breach of contract and its duty of good faith and fair dealing.  Liberty removed the action to federal court.

Liberty's motion to dismiss was denied.  The District Judge ruled that Liberty has a duty to defend and found the question of whether it owed a duty to indemnify Bourbon Heat was premature.  The question of whether Liberty acted in bad faith could not be resolved on the present record.  Rec. doc. 31.  The discovery deadline is July 29, 2014.  The trial is set for October 6, 2014.  Rec. doc. 36.

Bourbon Heat reports that on January 22, 2014, the state court dismissed Pellerin's intervention at her request.  It contends that the issues remaining in the instant action are:  (1) Liberty's alleged breach of its duty to Bourbon Heat of good faith and fair dealing; (2) its alleged

arbitrary refusal to pay defense costs; (3) the amount of Bourbon Heat's cost to defend Pellerin's claims; and (4) the amount of its attorneys' fees and costs in the instant action, and penalties. Rec. doc. 52 (Memorandum at 3).

Liberty filed a motion for partial summary judgment. Rec. doc. 58. It is pending.

## DISCOVERY

1. **Liberty's Amended Privilege Log**.

On November 7, 2013, Bourbon Heat served Liberty with 11 interrogatories and 38 requests for production ("RFPs"). Rec. doc. 33 (Exhibit A). Liberty was ordered to respond by February 3, 2014. Rec. doc. 37.

On January 27, 2014, Liberty sought an order providing that documents identified in its privilege log were protected from disclosure. Although the Court did not order that the documents be submitted for in camera review, on February 11, 2014, Liberty submitted them in camera. Bourbon Heat challenged the adequacy of the privilege log. Liberty did not comply with Fed. R. Civ. P. 26(b)(5)(A)(ii). It was ordered to provide Bourbon Heat with a revised privilege log. Rec. doc. 48. The order specified the issues the parties were to attempt to resolve after service of the amended privilege log. Id. at 4.

> If the parties are unable to resolve these issues, Liberty shall refile its motion for a protective order and submit the contested documents for in camera inspection. The font size for the claim notes shall not be smaller than 12 point. For any email appearing in the claim notes, the email shall be produced as an email string in the form in which Liberty produced the "response to carrier."

Id. at 4 (emphasis added) ("February 13 order"). On February 20, 2014, Liberty served its amended privilege log. Rec. doc. 62 (Exhibit 2). It did not refile a motion for a protective order.

On April 29, 2014, Bourbon Heat filed a motion to compel.  It states that "[n]o agreement was reached on the documents, but Liberty has refused to re-file its Motion, requiring Bourbon Heat to address the issues here [in its motion to compel]."  Rec. doc. 62 (Memorandum at 4).  It contends that Liberty's amended privilege log is deficient.  Id. at 4-7.  Liberty responds:

> Regarding reserve information, Liberty has provided in its supplemental response the reserve notes which did not contain what Liberty believes are privileged materials. . .  The remaining documents have all been submitted to this court for in camera review.  If this court believes they should be produced, then Liberty will produce them.  However, they contain discussions and mental impressions and were prepared in anticipation of litigation and are privileged.

Rec. doc. 65 at 2-3.  Liberty does not explain why it did not comply with the February 13 order and refile its motion for a protective order.  The February 13 order stated: "the Court has attempted to read only the first email appearing at the top of the first page of the 'claim notes'" and "portions of the end of each line of the 'claim notes' are cutoff."  Rec. doc. 48 at 2.  The documents produced for in camera inspection on February 11, 2014 were incomplete and difficult, if not, impossible to read.  The undersigned will not undertake to review such documents.

The discovery deadline requires a prompt resolution of these issues.  Liberty cannot be granted further time to comply with the February 13 order.

The amended privilege log contains 23 entries.

A.  Items 1 to 5 and 8 to 11 are described as file notes dated from July 13, 2012 through August 3, 2012.  The parties to the communications are Lisa Porcaro and Laurie Grubb of Midland Claims Administrators, Inc. ("Midlands") and John Trees of Liberty.  Liberty contends they are protected from disclosure as "analysis of coverage

issues, reflecting work product and information prepared in anticipation of litigation."
Rec. doc. 62 (Exhibit 2).  These documents are not protected from disclosure.

B. Items 6, 7 and 12 are described as file notes of July 20, 2012, a July 23, 2012
summary of emails among Porcaro, Grubb, Trees and Kevin McNamara (Liberty)[1]
and a Porcaro memorandum, dated August 27, 2012.  Liberty contends they are
protected from disclosure because they contain information on "setting of reserves,
analysis of coverage issues, reflecting work product and information prepared in
anticipation of litigation."  Rec. doc. 62 (Exhibit 2).  Reserve information is
discoverable.  Rec. doc. 56 at 5-6.  These documents are not protected from
disclosure.

C. Items 13 to 17 are described as coverage analysis documents dated in October and
November 2012.  The parties to the communications are M. Welsh (a Midlands
supervisor), Grubb, Porcaro, Trees and Dan Djordjevic of Axiom Insurance
Managers, Inc. ("Axiom").  Liberty contends they are protected from disclosure
because they contain an "analysis of coverage issues, reflecting work product and
information prepared in anticipation of litigation."  Rec. doc. 62 (Exhibit 2).  These
documents are not protected from disclosure.

D. Item 18 is described as an email, dated April 5, 2013, from Grubb to Daniel Watson
of Liberty regarding reserve information.  Rec. doc. 62 (Exhibit 2).  Reserve
information is discoverable.  Rec. doc. 56 at 5-6.  This document is not protected
from disclosure.

E. Items 19 and 20 are described as emails, dated April 5 and 10, 2013, among Grubb,
Watson and McNamara regarding reserve information.  Liberty contents they are

---

[1]  Liberty reported that McNamara made the decision to deny the claim.  Rec. doc. 56 at 4.

protected from disclosure by the attorney-client privilege and work product doctrine because they contain discussions of conversations with counsel regarding coverage issues.  Rec. doc. 62 (Exhibit 2).  The suit was filed on April 3, 2013.  These documents are protected from disclosure as containing work product.

F.  Item 21 is a February 14, 2014 email from Grubb to counsel for Liberty.  Id.  The document is protected from disclosure by the attorney-client privilege and work product doctrine.

G.  Item 22 contains emails (no dates are provided) between counsel for Liberty and Welsh, Trees and/or Grubb.  Id.  These documents are protected from disclosure by the attorney-client privilege and work product doctrine.

H.  Item 23 contains communications between counsel for Liberty and McNamara.  Id.  These documents are protected from disclosure by the attorney-client privilege and work product doctrine.

**IT IS ORDERED that within five (5) calendar days of the entry of this order**, Liberty shall produce Item nos. 1 through 18 from the amended privilege log without redactions.

2.  **Liberty's Supplemental Responses to Interrogatories and RFPs**.

Liberty responded to Bourbon Heat's first set of interrogatories and RFPs on February 3, 2014.  On March 10, 2014, Liberty was ordered to supplement its response to some of them.  Rec. doc. 56 at 4-9 (hereafter the "March 10 order").  Bourbon Heat seeks further relief.

Interrogatory No. 1.

The March 10 order required the parties to proceed in accord with the February 13 order regarding documents subject to Liberty's motion for a protective order.   Beyond that

5

requirement, no further response was required.  Rec. doc. 56 at 4.  The issues with the amended privilege log are resolved above.  No further response is required for Interrogatory No. 1.

Interrogatory No. 2.

Liberty requests reconsideration of the March 10 order regarding interrogatory no. 2. The request for reconsideration is denied.

Interrogatory No. 5 and RFP No. 26.

Bourbon Heat seeks reserve information.  Liberty was ordered to produce it unless it contended that it was protected from disclosure.  If it did, it was to amend its privilege log.  Rec. doc. 56 at 5-6.  Liberty reports that it produced claim notes setting the reserve.  It contends that the remaining claim notes are protected from disclosure and are identified on the amended privilege log.  The issues with the amended privilege log are resolved above.  No further response is required for Interrogatory No. 5 and RFP No. 26.

Interrogatory No. 7.

For a five year period, Bourbon Heat sought a description of each claim for nuisance or claim related to noise against an insured for which Liberty was requested to provide insurance coverage or a defense and for each such claim information was sought  For example, Liberty was asked to state whether the claim was brought as a lawsuit, and if so, provide the case caption, the jurisdiction and case number.  Liberty responded:

> Objection, irrelevant and overbroad.  Each claim or lawsuit is evaluated on  its own specific facts and particular policy and law applicable thereto, and therefore the handling of a specific claim is not relevant to the facts, issues, provisions and law applicable to the case at bar.

> Further answering, and without waiving any objection, Liberty does not categorize its claims or lawsuits in such a manner that it would be able to identify a particular nuisance claim, or nuisance claim incorporated with other claims, and the question is not susceptible of answer without specifically reviewing each and

every claim and lawsuit presented within the past five years, which would number
in the thousands and is overly burdensome, irrelevant and intended to harass.

Rec. doc. 49 (Exhibit D at 5-6).

Bourbon Heat argues that Liberty should be able to conduct an electronic search of its
claims for those concerning nuisance claims.  Rec. doc. 49 (Memorandum at 11).  The March 10
order provided that:

> Liberty's response is insufficient. It must state whether it can make an electronic
> search of its claim files for nuisance claims or claims related to noise.  If it can, it
> shall make the searches and report the number of such claims and the number of
> lawsuits resulting from the claims.  If the parties cannot agree on the scope of
> discovery on the claims and lawsuits, Bourbon Heat shall file a motion to compel.

Rec. doc. 56 at 6.  Liberty's supplemental response added:

> Liberty has attempted to search its files for such nuisance claims, but that
> search is not possible.

Rec. doc. 65 (Exhibit 3 at 2).  Liberty's opposition states that it "asked its claim adjuster to
attempt to search for 'nuisance files' and has been informed that such a search is not possible."
Rec. doc. 65 at 3.  Liberty does not state whether it can make an electronic search.  Its response
is insufficient.

**IT IS ORDERED that within fourteen (14) calendar days of the entry of this order,**
Liberty shall produce the claim adjuster who attempted to search for nuisance files for a
telephone deposition concerning the claim adjuster's attempt to search for nuisance files and the
basis for the claim adjuster's conclusion that a search is not possible.  After the deposition,
Bourbon Heat may seek further relief.

RFP Nos. 9, 10, 15, 18 and 36-38.

Liberty objected to each of these requests.  Subject to the objection, it reported that it
produced the non-privileged documents and asked for in camera review of the documents it

7

contended were privileged.  Rec. doc. 49 (Exhibit D).  All issues with the amended privilege log were resolved above.  No further order is required for these requests.

RFP No. 11.

Bourbon Heat sought all checklists, formulas, instruction manuals and other similar documents regarding any instructions or guidance for adjusting claims such as the claims at issue in this litigation or for determining whether or not to deny coverage for such claims.  Liberty objected to the request.  Subject to the objection, it stated it produced non-privileged documents and asked for in camera review of the documents it contended were privileged.  Rec. doc. 49 (Exhibit C).  Liberty was ordered to proceed in accord with the February 13 order.  Rec. doc. 56 at 8.  Bourbon Heat contends that Liberty did not comply with the Court's orders.  No additional documents were produced and no documents were added to the privilege log.

**IT IS ORDERED that within five (5) calendar days of the entry of this order**, Liberty shall produce the portion of any manual with instructions, procedures or guidelines for adjusting claims for nuisance or claims related to noise against an insured or for determining whether or not to deny coverage for such claims, where the claim or the coverage dispute occurred in 2012 or 2013.

RFP No. 12.

Bourbon Heat sought all documents regarding Liberty's evaluation or determination at any time of the amount of attorneys' fees and costs submitted by Bourbon Heart on or about January 30, 2013 for reimbursement that should be reimbursed under the insurance policies. Liberty referred Bourbon Heat to the response to RFP Nos. 10 and 11, where Liberty objected on grounds of burden, attorney-client privilege, relevancy and proprietary information.  Liberty sought in camera review of those documents it contended were not protected from disclosure.

8

Rec. doc. 49 (Exhibit C).  Liberty was ordered to proceed in accord with the February 13 order.  Rec. doc. 56 at 8.  Liberty did not make a supplemental response to RFP No. 12.  Rec. doc. 62 (Exhibit 9).  It is not clear whether the documents which Liberty contends are not protected from disclosure were produced.  Accordingly,

**IT IS ORDERED that within five (5) calendar days of the entry of this order**, Liberty shall produce all documents responsive to RFP No. 12, except for items 19-23 on the amended privilege log.

RFP Nos. 27 and 28.

Bourbon Heat sought all claims handling manuals, policies, guides, emails and other documents for determining whether the policy at issue or similar policies provide coverage for a nuisance claim or a noise related claim.  Rec. doc. 49 (Exhibit C).  The requests were limited to the issue of coverage for nuisance and noise related claims.  Liberty was ordered to produce any documents responsive to the requests as limited.  If it contended that the documents were protected from disclosure, it was to proceed in accord with the February 13 order.  Rec. doc. 56 at 8-9.  Liberty responded that it had no such documents other than those generated with the claims at issue and produced in this litigation.  Rec. doc. 62 (Exhibit 9 at 3-4).  This is sufficient.  No further response to RFP Nos. 27 and 28 is required.

3.  **Fed. R. Civ. P. 33(b)(3)**.

This rule requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Id.  Liberty did not comply with this rule for its answers to Bourbon Heat's first set of interrogatories (Rec. doc. 49[Exhibit D]) or its supplemental responses to the interrogatories (Rec. doc. 62[Exhibit 9]).  Bourbon Heat states that Liberty refused to comply with Rule 33(b)(3) and (5).

**IT IS ORDERED that within five (5) calendar days of the entry of this order**, Liberty shall comply fully with the requirements of Rule 33(b)(3) and (5) for all responses to Bourbon Heat's interrogatories including its original and supplemental responses to the first set of interrogatories.

4. **February 19 Discovery Requests**.

On February 19, 2014, Bourbon Heat served Liberty with a second set of interrogatories and request for production of documents.  Rec. doc. 62 (Exhibit 11).  Bourbon Heat reports that Liberty has not responded to this discovery.  Bourbon Heat responds that:

> In that order (the March 10 order) the court indicated that "Bourbon Heat shall not serve any <u>further written discovery</u> except with leave of court and for good cause shown." Despite this admonition, Bourbon Heat seeks to compel answers to a second set of written discovery.  Bourbon Heat does not even address the issue of good cause or obtaining an order.  It is as if Bourbon Heat did not receive this court's order.

Rec. doc. 65 at 1 (emphasis added).

The obvious deficiency in Liberty's argument is that the second set of written discovery was served nearly three weeks before the March 10 order which applied to "further written discovery. . ." <u>Id</u>.  The March 10 order did not relieve Liberty from responding to discovery that was served prior to the order.

**IT IS ORDERED that within five (5) calendar days of the entry of this order**, Liberty shall respond fully to Bourbon Heat's second set of interrogatories and RFPs in accord with Rule 33 and 34.

5. **Subpoenas to Axiom and Midlands**.

Bourbon Heat reports that:  (1) it served subpoenas on Axiom and Midlands; (2) Liberty's counsel reported that he would respond for Axiom and Midlands; (3) on April 18, 2014 Liberty's counsel reported that:  (a) Axiom has no documents responsive to the subpoena other than the insurance policies which were produced; and (b) all non-privileged documents were

produced.  Rec. doc. 62 (Memorandum at 19).  Liberty appears to contend that Midlands' claim

file was produced except for items listed on the amended privilege log.  Rec. doc. 65 at 1.

Bourbon Heat argues that Liberty is conducting a shell game and the Court should order that

Midland and Axiom produce all documents responsive to the subpoenas.

     Bourbon Heat has not supplied the Court with copies of the subpoenas served on Midland

and Axiom.  Bourbon Heat's request for relief on these subpoenas is denied without prejudice.

6. **Sanctions**.

     Bourbon Heat's request for sanctions is DENIED.  However, the undersigned cannot

grasp how it's very specific earlier order was ignored in its entirety by counsel for Liberty and

that it has just punted the problem back to the Court.  The undersigned and her staff have spent

an inordinate amount of time on this matter, much of which could have been avoided had Liberty

reviewed its documents before dumping them with the undersigned and by complying with the

undersigned's March 10th order.  Counsel for Liberty shall, **within ten (10) calendar days,** pay

$1,000.00 to the Clerk of Court for the Eastern District of Louisiana by delivering the check to

Kim Lange, the Court's Financial Administrator.

7. **Rule 37(a)(1) of the Federal Rules of Civil Procedure**.

     The March 10 order states:

> Pursuant to Fed. R. Civ. P. 37(a)(1), "[t]he motion (for an order
> compelling disclosure or discovery) must include a certificate that the movant has
> in good faith conferred or attempted to make disclosure or discovery in an effort
> to obtain it without court action." Id.  Before any further discovery motions are
> filed in this matter, the Trial Attorneys for the parties shall meet-and-confer in
> person or by telephone.  The certificate of the moving party shall describe the
> results of the meeting in detail with respect to each issue raised in the discovery
> motion.

Rec. doc. 56 at 3 (emphasis in original).  The motion to compel did not comply fully with the

March 10 order.  The certificate of the moving party does not describe the results of the meeting

in detail with respect to each issue raised in the motion.  **If either party fails to comply fully with this provision of the March 10 order before filing a motion to compel, the Court will deny the motion to compel with prejudice**.

IT IS ORDERED that Bourbon Heat's motion to compel (Rec. doc. 62) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 20th day of May, 2014.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**