```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


BOURBON HEAT, LLC                             CIVIL ACTION

VERSUS                                        NO: 13-2623

LIBERTY SURPLUS INSURANCE                     SECTION: R(1)
CORP.
```

## ORDER AND REASONS

Defendant Liberty Surplus Insurance Corp. ("Liberty") moves for partial summary judgment.[1] For the following reasons, the Court grants Liberty's motion in part and denies it in part. The Court holds that Liberty does not have an ongoing duty to defend or indemnify Bourbon Heat, LLC ("Bourbon Heat") in state court but that it may be liable for attorneys' fees in this action.

### I. Background

Bourbon Heat operates a nightclub in New Orleans.[2] M. Chadwick Pellerin, who resides less than 200 feet from Bourbon Heat's nightclub, intervened in state court proceedings between Bourbon Heat and the City of New Orleans.[3] Pellerin alleged that Bourbon Heat's nightclub was too loud and sought damages for nuisance.[4]

---

[1] R. Doc. 58.

[2] R. Doc. 1-1 at 1.

[3] R. Doc. 1-4.

[4] *Id.* at 3-5.

Bourbon Heat asked Liberty, its general liability insurer, to defend and indemnify it against Pellerin's petition.[5] Liberty refused to do so.[6] Bourbon Heat filed this action against Liberty in state court, alleging that Liberty "arbitrarily and capriciously declined to provide coverage or legal defense to Bourbon Heat."[7] Bourbon Heat seeks damages, as well as "attorney's fees and costs incurred in these proceedings."[8] Liberty removed the suit to this Court on grounds of diversity jurisdiction.[9] It then filed a motion for judgment on the pleadings, or, alternatively, summary judgment.[10] The Court denied that motion on October 15, 2013, holding that Liberty had a duty to defend Bourbon Heat against Pellerin's state court petition and that the questions of whether Liberty owed a duty to indemnify and whether Liberty acted in bad faith in refusing coverage could not be resolved at that time.[11]

---

[5] R. Doc. 1-1 at 2.

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] R. Doc. 1.

[10] R. Doc. 8.

[11] R. Doc. 31.

On January 22, 2014, the state court dismissed Pellerin's claims against Bourbon Heat, without prejudice.[12] Liberty now moves for partial summary judgment, on two grounds. First, it asks the Court to recognize that Liberty has no further duty to defend or indemnify Bourbon Heat against Pellerin's claims.[13] Second, it asks the Court to "rule that no attorney's fees are due regarding [Bourbon Heat's] litigation of the coverage issues in this action."[14]

## II. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-399 (5th Cir. 2008). The Court must draw reasonable inferences in favor of the nonmoving party, but

---

[12] R. Doc. 58-5.

[13] R. Doc. 58-3 at 1, 3; R. Doc. 69 at 1.

[14] R. Doc. 58-3 at 1.

"unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quotation marks removed).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quotation marks removed). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

4

The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.; see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322).

**III. Discussion**

A.   *Liberty Is Entitled to Summary Judgment on the Question of Its Ongoing Duty to Defend.*

Liberty asks the Court to recognize that it has no ongoing duty to defend or indemnify Bourbon Heat in light of the state court's dismissal of Pellerin's claims. This Court's October 15, 2013 order held that Liberty "has a duty to defend Bourbon Heat against Pellerin's petition."[15] Since Pellerin's petition has been dismissed, it is self-evident that Liberty has no ongoing duty to defend or indemnify Bourbon Heat against it. Further, Bourbon Heat acknowledges that ongoing defense costs and indemnity are no longer issues in this suit.[16] Accordingly, the

---

[15] R. Doc. 31 at 11.

[16] *See* R. Doc. 61 at 3 ("[I]n a March 10, 2014 Order, the Court already has noted that the State Court dismissed Pellerin's Intervention and that the issues remaining in the instant action are only Liberty's breach of its duty to Bourbon Heat of good

Court grants Liberty's request for partial summary judgment on the question of its ongoing duty to defend or indemnify.

B.   *Bourbon Heat May Be Entitled to Attorneys' Fees.*

Liberty's second argument is that, as a matter of law, it has no obligation to pay Bourbon Heat's attorneys' fees in this coverage action. This argument is in error. "It is well-established Louisiana law that an insured may not recover attorneys' fees in connection with insurance coverage litigation unless a statute or the insurance contract specifically provides for them." *Henry's Marine Service, Inc. v. Fireman's Fund Ins. Co.*, No. 02-3682, 2004 WL 1146066, at *1 (E.D. La. May 17, 2004). Here, Bourbon Heat alleges violations of Louisiana Revised Statute 22:1892.[17] "[T]hat statute allows the award of attorney's fees for litigating coverage issues . . . if the insurer acted arbitrarily and capriciously." *Howell v. Am. Cas. Co. of Reading, Penn.*, 691 So. 2d 715, 727 (La. Ct. App. 1997); *see* La. R.S. 22:1892(B)(1) (formerly cited as La. R.S. 22:658).

---

faith and fair dealing, its arbitrary refusal to pay defense costs, the amount of these costs that must be paid to Bourbon Heat and the amount of Bourbon Heat's attorneys' fees and costs in the instant action and penalties.").

[17] R. Doc. 1-1 at 3.

Liberty makes a purely legal argument, contending that attorneys' fees are never compensable in suits of this kind.[18] The three cases it cites in support, however, indicate that an insured may recover attorneys' fees if authorized by contract or statute. *See Steptore v. Masco Constr. Co., Inc.*, 643 So. 2d 1213, 1218 (La. 1994); *Menard v. Lafleur*, 737 So. 2d 844, 846 (La. Ct. App. 1999); *Benoit v. Md. Cas. Co.*, 689 So. 2d 610, 612 (La. Ct. App. 1997). In *Steptore*, which does not involve allegations of bad faith, the Louisiana Supreme Court held that the insurer waived an otherwise apparently valid defense to coverage by supplying its insured with a defense and not reserving its right to deny coverage. *Steptore*, 643 So. 2d at 1217. The court held that attorneys' fees may be awarded in a coverage dispute if authorized by contract or statute, but stated that the parties had not "directed [it] to any statute providing for attorney's fees in this instance." *Id.* at 1218.

Here, by contrast, Bourbon Heat directs the Court to Louisiana Revised Statute 22:1892, which authorizes an award of reasonable attorneys' fees when an insurer declines coverage "unreasonabl[y] or without probable cause." *Black Stallion Enters. v. Bay & Ocean Marine, LLC*, No. 09-6656, 2011 WL 1598913, at *3 (E.D. La. April 25, 2011); *see XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, 954 F. Supp. 2d 440, 444 (E.D. La.

---

[18] R. Doc. 58-3 at 3-4.

2013) ("Section 22:1892 . . . cover[s] an insurer's duty to defend an insured if required under the terms of a policy."); *Cunard Line Ltd. Co. v. Datrex, Inc.*, 26 So. 3d 886, 894 (La. Ct. App. 2009) ("[Section 22:1892] has been found applicable by the courts [to] failures of insurers to defend their insured and the Court finds it applicable here."). Liberty does not contest, or even acknowledge, this statutory authorization.[19] Nor does it argue that there is no evidence that it acted in bad faith or proffer evidence that it acted in good faith. Indeed, Bourbon Heat contends that Liberty failed to pay defense costs even after this Court found a duty to defend.[20]

The Court holds that Liberty may be liable for attorneys' fees in this suit if its refusal to defend Bourbon Heat against Pellerin's claims was arbitrary or capricious. Liberty has failed to show that it is entitled to judgment as a matter of law on this issue.

## IV. Conclusion

For the foregoing reasons, Liberty's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART. The Court holds that Liberty has no ongoing duty to defend or indemnify Bourbon Heat against Pellerin's state court petition, and that

---

[19] *See* R. Docs. 58-3, 69.

[20] R. Doc. 61 at 8.

Liberty may be liable for attorneys' fees in this action under Louisiana Revised Statute 22:1892(B)(1).

New Orleans, Louisiana, this __23rd__ day of June, 2014.

_____*Sarah Vance*_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**